The Honorable Jim Stallcup Prosecuting Attorney Third Judicial District 225 E. Elm, P.O. Box 627 Walnut Ridge, AR 72476
Dear Mr. Stallcup:
This is in response to your request for an opinion on the following questions regarding Ordinance No. 1986-499 of the City of Walnut Ridge, Arkansas:
 1. Section 1 outlines the mayor's salary to be determined by his working hours "full-time or part-time," yet when a candidate files for the position, there are no specific guidelines.
 2. Section 2 outlines the 8 to 5 hours for a full-time mayor. Can a city ordinance allow the mayor to leave his responsibilities to the city alone after 5 p.m.?
 3. Section 2 calls for the mayor to eliminate any outside activity for financial gain, between 8 a.m. and 5 p.m. Can a city ordinance require a mayor to eliminate all sources of financial gain?
 4. Section 5 requires an elected mayor to inform the city council, after an election, if it is his intention to be full or part-time. Can a mayor, after election, inform the people what he was actual running for (full-time or part-time)?
I will address questions 1 and 4 together, as they both focus on the election process. Both questions are prompted, it seems, by the fact that the determination of whether the office holder will serve as a "full-time mayor" or a "part-time mayor" is made by the successful candidate after the election. Thus the question, restated, is whether the office must be designated as "full-time" or "part-time" prior to the election.
It is my opinion that this determination should be made prior to the election. While the powers and duties of the mayor may change during the term of office,[1] the problem in this instance is that by giving the mayor-elect the choice of whether to work "full-time" or "part-time," the city council has arguably relinquished its authority to prescribe the powers and duties of the office. The office is, it seems, being defined by the office-holder. This could give rise to an unlawful delegation argument; e.g., the city council may prescribe the mayor's duties, to the extent those duties are not inconsistent with state law, but it cannot delegate this function to the office-holder.[2]
The same argument also applies with respect to the salary in this instance. It might be contended that by giving the successful candidate the choice after the election, the city council has not met its constitutional duty to set the mayor's salary. Amendment56 to the Arkansas Constitution states, under Section 4, that the "[c]ompensation of municipal officers and officials shall be fixed by the governing body of the municipality, not to exceed limits which may be established by law."
With regard to your second question involving Section 2 of Walnut Ridge Ordinance No. 1986-499, it must be initially noted that this question may require interpretation of the Ordinance, a function that does not ordinarily fall within the scope of an Attorney General opinion. Construction of the Ordinance is a matter to be addressed by the city attorney, or other local counsel to whom the city usually looks for advice.
As a general matter, however, I would note that Section 2 does not on its face appear to suggest that the mayor is authorized to refuse to perform any duties after 5:00 p.m. The section defines a "full-time" mayor as one "who works full-time at mayoral duties from 8:00 a.m. until 5:00 p.m. . . ." It does not state that there are no duties required after 5:00 p.m. Indeed, such a provision would likely be subject to challenge as prescribing duties incompatible with the nature of the office. See A.C.A. §§ 14-42-302(b) and 14-43-504(b)(3), supra. There will clearly be occasions when the mayor will be required to work after 5:00 p.m.
It is therefore my opinion that the answer to your second question is in all likelihood "no." A city cannot by ordinance permit a mayor to refuse to perform any duties or exercise any responsibilities after 5:00 p.m. As indicated above, however, it is my belief that the measure in question does not on its face constitute such an ordinance. As also stated, however, this may involve a question of interpretation which is properly referred to local counsel.
In response to your third question, it is my opinion that the vagueness of this provision may generate a constitutional challenge. The question is whether this language gives adequate notice of what conduct is prohibited. See generally Buel v.Dardanelle Public School Dist. No. 15, 745 F. Supp. 1455 (E.D. Ark. 1990). The language in the ordinance could mean that a full-time mayor cannot engage in outside employment during these hours. But could it also be construed to prohibit any investment activity, such as conferences with an investment banker? The apparent uncertainty prevents me from addressing your question, and suggests that clarification may be advisable. This matter is properly addressed to the city's local counsel.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The mayor's powers and duties "may be prescribed by any ordinance of the city not inconsistent with this subtitle, and which may not be incompatible with the nature of [the office.]" A.C.A. § 14-43-302(b) (1987). Reference should also be made to §14-43-504(b), wherein it states that in addition to the other general powers and duties prescribed therein, the mayor shall "[p]erform such other duties compatible with the nature of his office as the city council may from time to time require." A.C.A. § 14-43-504(b)(3) (Cum. Supp. 1993).
[2] The determination of whether the mayor will work full-time or part-time could conceivably be made by the city council after the election. There appears to be no requirement that this be classified as a full-time position. Reason dictates, however, that the essential characteristics of the office be established prior to the election, whether by the council or by the candidates through some designation process that offers a choice. The essential characteristics would, I believe, include the salary and whether it is full-time or part-time. Practical difficulties may otherwise arise if the successful candidate is not informed of these matters before entering office. And, it must be noted, the mayor's salary may be increased but notdecreased during the term. A.C.A. § 14-42-113 (1987).